IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

_____
                                       )
UNITED STATES OF AMERICA,               )
                                       )
        Plaintiff,                      )
                                       )
_____        v.                       )        Civil Action No. 3:05CV247-H
                                       )
BILL D. STALLINGS and                   )
STALLINGS SALVAGE, INC.,                )
                                       )
        Defendants.                     )
                                       )
_____ )

**<u>CONSENT DECREE</u>**

# TABLE OF CONTENTS

I.       BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.      JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.     PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

V.       STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

VI.     PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . 4

VII.    FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . . . . .7

VIII.   COVENANT NOT TO SUE BY PLAINTIFF[S] . . . . . . . . . . . . . . 9

IX       RESERVATION OF RIGHTS BY UNITED STATES . . . . . . . . . . .10

X.       COVENANT NOT TO SUE BY SETTLING DEFENDANTS . . . . . .11

XI.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . .12

XII.    RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

XIII.   NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . 15

XIV.   RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XV.    INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . .16

XVII.   SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XVIII.   FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

# I. **BACKGROUND**

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Stallings Salvage Superfund Site in Monroe, Union County, North Carolina ("the Site").

B.  The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint.

C.  The United States has reviewed the financial information submitted by Settling Defendants to determine whether Settling Defendants are financially able to pay response costs incurred and to be incurred by the United States at the Site.  Based upon this financial information, the United States has determined that Settling Defendants are able to pay the amounts specified in Section VI.

D.  The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. **JURISDICTION**

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over Settling Defendants.  Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. **PARTIES BOUND**

2.  This Consent Decree is binding upon the United States, and upon Settling Defendants and their heirs, successors and assigns.  Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV. **DEFINITIONS**

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.  "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

b.  "Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

c.  "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d.  "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e.  "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f.  "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g.  "Financial Information" shall mean the following documents submitted by Settling Defendants to the United States in May and October 2005: (1) U.S. Corporate Income Tax Returns for Stallings Salvage, Inc. for the years 2001 through 2004; (2) U.S. Individual Income Tax Returns for Bill D. Stallings for the years 2001 through 2003; (3) Stallings Salvage, Inc. Balance Sheets and Income Statements for the years 2001 through 2004; and (4) 2005 Financial Statement of Corporate Debtor Form for Stallings Salvage, Inc.

h.  "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

i.  "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

j.  "Parties" shall mean the United States and the Settling Defendants.

k.  "Plaintiff" shall mean the United States.

l.  "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq*. (also known as the Resource Conservation and Recovery Act).

m.  "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

n.  "Settling Defendants" shall mean Bill D. Stallings and Stallings Salvage, Inc.

o.  "Site" shall mean the Stallings Salvage Superfund site, encompassing approximately one (1) acre, located on the west side of Secrest Avenue between Simpson and Cureton Streets in Monroe, Union County, North Carolina, and generally shown on the map included in Appendix B.

p.  "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V.  <u>STATEMENT OF PURPOSE</u>

4.  By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make a cash payment to address their liability for the Site as provided in the Covenant Not to Sue by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI.  <u>PAYMENT OF RESPONSE COSTS</u>

5.  Settling Defendants shall pay to the EPA Hazardous Substance Superfund the principal sum of $150,000 plus accrued Interest, as explained below.  Payment of the principal sum of $150,000 shall be made in five installments.  The first payment, in the amount of

$10,000, shall be due within 30 days of entry of this Consent Decree. On the thirtieth (30th) day of the month following the month in which this Consent Decree was entered, Settling Defendants shall deposit the monthly sum of $3,313.00 into an escrow account bearing interest on commercially reasonable terms, in a federally-chartered bank (the "Escrow Account"), and shall continue making monthly deposits of $3,313.00 into the Escrow Account until forty-eight (48) such monthly deposits have been made. On or before making the first deposit to the Escrow Account, Settling Defendants shall provide to the escrow agent written escrow instructions that have been reviewed and approved by EPA directing that the escrow agent shall make four annual payments to EPA, in accordance with the procedures set forth in Paragraphs 6 and 7 below, according to the following schedule:

a. Within fifteen (15) days of receipt of the twelfth (12th) monthly deposit made by Settling Defendants, the escrow agent shall make a payment to EPA in the sum of $39,750.00, with $32,750 of that amount designated as a payment on the principal amount and $7,000.00 designated as an interest payment.

b. Within fifteen (15) days of receipt of the twenty-fourth (24th) monthly deposit made by Settling Defendants, the escrow agent shall make a payment to EPA in the sum of $39,750.00, with $33,750 of that amount designated as a payment on the principal amount and $6,000.00 designated as an interest payment.

c. Within fifteen (15) days of receipt of the thirty-sixth (36th) monthly deposit made by Settling Defendants, the escrow agent shall make a payment to EPA in the sum of $39,750.00, with $35,750 of that amount designated as a payment on the principal amount and $4,000.00 designated as an interest payment.

d.    Within fifteen (15) days of receipt of the forty-eighth (48th) monthly

deposit made by Settling Defendants, the escrow agent shall make final payment

to EPA in the amount indicated in the final accounting statement provided by the

Financial Litigation Unit of the United States Attorney's Office for the Western

District of North Carolina in Charlotte, as provided in Paragraph 7 of this Consent

Decree.  Any funds remaining in the Escrow Account after this final payment is

made to EPA shall be remitted back to Settling Defendants.

The escrow instructions shall also provide that copies of all periodic account statements, as well

as notice that each payment has been made, shall be sent to the United States in accordance with

Section XIII of this Consent Decree (Notices and Submissions), and to Paula V. Batchelor, U.S.

EPA – Region 4, SEIMB, 61 Forsyth St., S.W., Atlanta, GA 30303.

6.  Payments shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S.

Department of Justice account in accordance with current EFT procedures, referencing USAO

File Number 2005V00208, the EPA Region and Site Spill ID Number A4M3, and DOJ Case

Number 90-11-3-08007/1.  Payments shall be made in accordance with instructions provided to

Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the Western

District of North Carolina in Charlotte following lodging of the Consent Decree.  Any payment

received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next

business day.

7.  One month prior to making the final (forty-eighth) monthly deposit, Settling

Defendants shall contact the Financial Litigation Unit of the United States Attorney's Office for

the Western District of North Carolina in Charlotte, and shall request that a final accounting

statement and pay-off amount as of the date of the scheduled final payment be sent to the escrow agent for the Escrow Account and to Settling Defendants.

8.  The total amount of each payment to be paid pursuant to Paragraph 5 shall be deposited in the EPA Hazardous Substance Superfund.

## VII.  **FAILURE TO COMPLY WITH CONSENT DECREE**

9.  <u>Interest on Late Payments</u>.  If Settling Defendants fail to make any payment under Paragraph 5 by the required due date, all remaining installment payments and all accrued Interest shall become due immediately upon such failure.  Interest shall continue to accrue on any unpaid amounts until the total amount due has been received.

10.  <u>Stipulated Penalty</u>.

a.  If any amounts due under Paragraph 5 are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9, $500 per violation per day that such payment is late.

b.  Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number A4M3, and DOJ Case Number 90-11-3-08007/1, and shall be sent to:

U.S. Environmental Protection Agency
Cincinnati Accounting Operations
Mellon Lockbox 371099M
Pittsburgh, PA 15251-7099

c.      At the time of each payment, Settling Defendants shall send notice that

payment has been made to EPA and DOJ in accordance with Section XIII (Notices

and Submissions) and to Paula V. Batchelor, U.S. EPA – Region 4, SEIMB, 61

Forsyth St., S.W., Atlanta, GA 30303.

d.      Penalties shall accrue as provided in this Paragraph regardless of whether

EPA has notified Settling Defendants of the violation or made a demand for

payment, but need only be paid upon demand.  All penalties shall begin to accrue

on the day after payment is due and shall continue to accrue through the date of

payment.  Nothing herein shall prevent the simultaneous accrual of separate

penalties for separate violations of this Consent Decree.

11.  If the United States brings an action to enforce this Consent Decree, Settling

Defendant shall reimburse the United States for all costs of such action, including but not limited

to costs of attorney time.

12.  Payments made under this Section shall be in addition to any other remedies or

sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the

requirements of this Consent Decree.

13.  Notwithstanding any other provision of this Section, the United States may, in its

unreviewable discretion, waive payment of any portion of the stipulated penalties that have

accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Settling

Defendants from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII.  <u>COVENANT NOT TO SUE BY PLAINTIFF</u>

14.  Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site.  With respect to present and future liability, this covenant shall take effect upon receipt by EPA of the first payment required by Section VI, Paragraph 5 (Reimbursement of Response Costs).  This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree, including but not limited to, payment of all amounts due under Section VI (Payment of Response Costs), and any amount due under Section VII (Failure to Comply with Consent Decree).  This covenant not to sue is also conditioned upon the veracity and completeness of the Financial Information provided to EPA by Settling Defendants.  If the Financial Information is subsequently determined by EPA to be false or, in any material respect, inaccurate, Settling Defendants shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue and the contribution protection in Paragraph 21 shall be null and void.  Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Settling Defendants' false or materially inaccurate information.  This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

# IX.  RESERVATION OF RIGHTS BY UNITED STATES

15.  The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the Covenant Not to Sue by United States in Paragraph 14.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a.      liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b.      criminal liability;

c.      liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

d.      liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

16.  Notwithstanding any other provision of this Consent Decree, EPA reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendant, or the financial certification made by Settling Defendant in Paragraph 26, is false or, in an material respect, inaccurate.

## X.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS

17.  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

      a.        any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.        any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the North Carolina Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

      c.        any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

Except as provided in Paragraph 19 (Waiver of Claims) and Paragraph 23 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 15 (c) - (d), but only to the extent that Settling Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

18.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

19.  Settling Defendant agrees not to assert any CERCLA claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any other person. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendants may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendants.

## XI.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

20.  Except as provided in Paragraph 19, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law.  Except as provided in Paragraph 19, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

21.  The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person.  The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for

claims for failure to comply with this Decree), in the event that the United States asserts rights against Settling Defendants coming within the scope of such reservations.

22. Settling Defendants agree that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendants also agree that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendants shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

## XII.  RETENTION OF RECORDS

24. During the five year period following the entry of this Consent Decree, Settling Defendants shall preserve and retain all records now in their possession or control, or which come into their possession or control, that relate in any manner to response actions taken at the Site or

the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

25. After the conclusion of the document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records to EPA. Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

26. Settling Defendants hereby certify that, to the best of their knowledge and belief, after thorough inquiry, they have:

a. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or other information relating to their potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against them regarding the Site, and that they have fully complied with any and all EPA requests for information regarding the Site and Settling Defendants' financial circumstances pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927; and

b.    submitted to EPA Financial Information that fairly, accurately, and

materially sets forth their financial circumstances, and that those circumstances

have not materially changed between the time the Financial Information was

submitted to EPA and the time Settling Defendants execute this Consent Decree.

## XIII.  NOTICES AND SUBMISSIONS

27.  Whenever, under the terms of this Consent Decree, notice is required to be given or a

document is required to be sent by one party to another, it shall be directed to the individuals at

the addresses specified below, unless those individuals or their successors give notice of a change

to the other Parties in writing.  Written notice as specified herein shall constitute complete

satisfaction of any written notice requirement of the Consent Decree with respect to the United

States, EPA, DOJ, and Settling Defendants, respectively.

As to the United States:

    To DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-08007/1)
P.O. Box 7611
Washington, D.C.  20044-7611

    To EPA:

Colleen E. Michuda
Associate Regional Counsel
U.S. EPA, Region 4
61 Forsyth St., S.W.
Atlanta, GA 30303

As to Settling Defendants:

Bill D. Stallings
612 Ridge Road
Monroe, NC  28110

## XIV.  **RETENTION OF JURISDICTION**

28.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.  **INTEGRATION/APPENDICES**

29.   This Consent Decree and its appendices constitute the final, complete and exclusive Consent Decree and understanding between the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is a map of the Site.

## XVI.  **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

30.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants consent to the entry of this Consent Decree without further notice.

31.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVII.  SIGNATORIES/SERVICE

32.  Each undersigned representative of the parties to this Consent Decree certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

33.  Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

34.  Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on their behalf with respect to all matters arising under or relating to this Consent Decree.

## XVIII.  FINAL JUDGMENT

35.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Signed: January 24, 2007

**SO ORDERED**.

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Bill D. Stallings and Stallings Salvage, Inc.*, Civ. No. 3:05CV274-H, relating to the Stallings Salvage Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date:  10/6/06        s/ Steven A. Keller
                      Steven A. Keller
                      Attorney
                      Environmental Enforcement Section
                      Environment and Natural Resources Division
                      U.S. Department of Justice
                      P.O. Box 7611
                      Washington, DC  20044-7611
                      Telephone: (202) 514-5465
                      Fax: (202) 514-2583

                      Gretchen C. F. Shappert
                      United States Attorney
                      Western District of North Carolina

                      Donald H. Caldwell, Jr.
                      NC Bar No. 15489
                      Assistant United States Attorney
                      227 West Trade St., Suite 1650
                      Charlotte, NC 28202

Date:   10/20/06     s/ _____

Franklin Hill
Acting Director, Waste Management Division, Region 4
U.S. Environmental Protection Agency
 61 Forsyth St., S.W.
Atlanta, GA 30303


Date:   10/24/06     s/ Colleen E. Michuda _____

Colleen E. Michuda
Associate Regional Counsel
U.S. Environmental Protection Agency
61 Forsyth St., S.W.
Atlanta, GA 30303

FOR DEFENDANT BILL D. STALLINGS


Date:  ___9/27/06___     s/_____
                         Bill D. Stallings
                         612 Ridge Road
                         Monroe, NC  28110



Agent Authorized to Accept Service on Behalf of Above-signed Party:

                         Bill D. Stallings
                         612 Ridge Road
                         Monroe, NC  28110


FOR DEFENDANT STALLINGS SALVAGE, INC.


Date:  ___9/27/06___     s/_____
                         Bill D. Stallings, Vice President
                         Stallings Salvage, Inc.
                         618 Euclid Street
                         Monroe, NC 28110



Agent Authorized to Accept Service on Behalf of Above-signed Party:

                         Bill D. Stallings
                         612 Ridge Road
                         Monroe, NC  28110